UNITED STATES DISTRICT COURT            SOUTHERN DISTRICT OF TEXAS

United States District Court
Southern District of Texas
**ENTERED**
April 26, 2021
Nathan Ochsner, Clerk

Lonjino Lara, et al., § 
§ 
    Plaintiffs, §
§
versus §     Civil Action H-18-4585
§
Encana Oil & Gas (USA), Inc., et al., §
§
    Defendants. §

## Opinion on Partial Dismissal

1. *Background.*

In 2008, Lonjino and Raquel Lara bought land in Karnes County, Texas.

In 2012, Encana Oil & Gas, Inc., bought neighboring land and built the Patton Trust South plant. The Laras then built a house on their land.

On May 19, 2015, one of Encana's wells blew. It promptly began mediating the damage. The Laras complained to the Texas Railroad Commission about some unknown substances on their property. The Commission closed the complaint after tests showed that there were no dangerous chemicals on their land.

On February 17 and March 19, 2016, the Laras sent letters to Encana about a "claim for injuries and damages" allegedly caused by Encana, but also that they desired to resolve it without litigation.

On May 18, 2017, the Laras and Encana settled, and the Laras signed a release for all claims related to the 2015 blown well.

On October 26, 2018, Lonjino Lara and Raquel Lara, individually and as the next friend of their child, E.L., sued Encana for: (a) negligence, raising 32 different duties; (b) gross negligence; (c) negligence per se, under five statutes;

(d) "private nuisance: intentional, negligence, and/or *per quod*;" and (e) trespass. Encana has moved to dismiss partially for failure to state a claim. Encana will prevail.

2.   *Strict Liability.*

To be held strictly liable, the Laras must have adequately pleaded facts that Encana was engaged in an abnormally dangerous activity.[1]

The Laras have given nothing more than legal conclusions to say that Encana's conduct was abnormally dangerous. No facts were pleaded for how Encana's operation of the plant is abnormally dangerous. Merely stating it used chemicals is insufficient.

All of the Laras' claims arising under strict liability[2] will be dismissed.

3.   *Negligence Per Se.*

To state a negligence *per se* claim, the Laras must have adequately pleaded: (a) an applicable statute where tort liability may be imposed; (b) that they belong to the class that the statute was intended to protect; and (c) that they suffered the type of injury that the statute was designed to protect.[3]

The Laras raise Texas Penal Code §§ 22.001, 22.004, 32.46 and Texas Civil Practice & Remedies Code § 75.002(h) as underlying statutes for their negligence *per se* claims.[4]

The Laras have withdrawn section 32.46 and section 75.002(h) as bases for their claim, and they will be dismissed.

---

[1] *Crosstex North Texas Pipeline, L.P. v. Gardiner*, 505 S.W.3d 580, 617 (Tex. 2016).

[2] First Am. Compl. ¶¶ 50(l), 50(dd).

[3] *See Discovery Operating, Inc. v. BP America Production Co.*, 311 S.W.3d 140, 162 (Tex. App.—Eastland 2010).

[4] First Am. Compl. ¶¶ 50(ff), 119(b)-(e).

Sections 22.001 and 22.004 are criminal assault statutes. The Laras are correct that violations of criminal statutes may be used to support a negligence *per se* claim.

The Laras here have pleaded no facts that Encana has been *convicted* by a competent court for assaulting them. It is holistically insufficient to use an alleged violation of a criminal statute as the basis for civil liability. Holding otherwise would completely crumble a fundamental tenet of our criminal justice system – innocent until proven guilty. Attempting to plead around their own failures to bring common law tort claims for battery and assault does not state a claim.

4. *Conclusion.*

The Laras' claims arising under a strict liability theory, and their negligence *per se* claims under Texas Penal Code §§ 22.001, 22.004, 32.46 and Texas Civil Practice & Remedies Code § 75.002(h) will be dismissed with prejudice.

Signed on April 2C, 2021, at Houston, Texas.

Lynn N. Hughes
United States District Judge