United States District Court     Southern District of Texas

| | | |
|---|---|---|
| Lonjino Lara, et al., | § § | |
| Plaintiffs, | § § | |
| versus | § | Civil Action H-18-4585 |
| Encana Oil & Gas (USA), Inc., et al., | § § § | |
| Defendants. | § § | |

## Opinion on Partial Summary Judgment

1. *Background.*

In 2008, Lonjino and Raquel Lara bought land in Karnes County, Texas.

In 2012, Encana Oil & Gas, Inc., bought neighboring land and built the Patton Trust South plant. The Laras then built a house on their land.

On May 19, 2015, one of Encana's wells blew. It promptly began mediating the damage. The Laras complained to the Texas Railroad Commission about some unknown substances on their property. The Commission closed the complaint after tests showed that there were no dangerous chemicals on their land.

On February 17 and March 19, 2016, the Laras sent letters to Encana about a "claim for injuries and damages" allegedly caused by Encana, but also that they desired to resolve it without litigation.

On May 18, 2017, the Laras and Encana settled, and the Laras signed a release for all claims related to the 2015 blown well.

On October 26, 2018, Lonjino Lara and Raquel Lara, individually and as the next friend of their child, E.L., sued Encana for: (a) negligence, raising 32 different duties; (b) gross negligence; (c) negligence per se, under five statutes; (d) "private nuisance: intentional, negligence, and/or per quod;" and (e) trespass. Encana has moved for partial summary judgment. Encana will prevail.

2. *Statute of Limitations.*

The statute of limitations for the claims brought in this case are all two years.[1] The Laras are barred from suing for claims that accrued before October 26, 2016. A claim accrues when the injury occurs, not when its full extent is known.[2]

A permanent nuisance claim – one that is constant and continuous – accrues when the injury is first discovered, and a temporary nuisance claim – one that is intermittent – accrues again upon each new injury.[3] The Laras claim the vibrations, fumes, noise, and gas releases are "continual," "constant," "consistent," and "perpetual." They have clearly pleaded a permanent nuisance claim. Arguing that sometimes it can be sudden does not transform their claim.

A trespass claim accrues when the known injury begins.[4]

Negligence and gross negligence claims for personal injuries accrue when the Laras reasonably should have discovered their injury.[5]

In their March 19, 2016, letter, the Laras specifically threaten litigation related to Encana's "operations in ... the Patton Trust South Central Production Facility." They claim that there was a "degradation of air quality and/or trespass of hydrocarbons and noxious gases." The Laras say that they have "been unable to enjoy the use of their property and have suffered from numerous physical ailments."

The Laras argue that the blown well confused them about whether their injuries were caused by that or by the emissions from the plant. This contradicts

---

[1] *See Schneider Nat. Carriers, Inc. v. Bates*, 147 S.W.3d 264, 292 (Tex. 2004).

[2] *ExxonMobil Corp. v. Lazy R Ranch, LP*, 511 S.W.3d 538, 542-43 (Tex. 2017).

[3] *Schneider Nat. Carriers, Inc. v. Bates*, 147 S.W.3d 264, 270 (Tex. 2004).

[4] *Town of Dish v. Armos Energy Corp.*, 519 S.W.3d 605, 609 (Tex. 2017).

[5] *Markwardt v. Texas Industries, Inc.*, 325 S.W.3d 876, 891 (Tex. App.—Houston[14th Dist.] 2010).

the letter where they say that their injuries are caused by both. Picking and choosing claims and arguments at their convenience does not defeat the statute of limitations.

Accrual is based on the objective evidence and not subjective assertions. The March 2016 letter is clear, objective evidence that the Laras were aware of the exact claims they brought in this case – well beyond the statute of limitations.

The Laras also argue the statue of limitations was tolled by the continuing tort doctrine – which is an exception for ongoing and continuous torts that create a separate cause of action each time the tort is committed.[6] They say that it applies because Encana's actions are sudden since the fumes and flarings still occurred after they sent the letter.

The Laras cannot have it both ways by arguing that Encana's actions were sudden and continuous. They give no evidence to suggest that Encana's actions are sudden. The Laras spend a majority of their efforts focusing on how the emissions, noises, and fumes are so constant and continuous that it has lead to the list of injuries and damages they allege. Merely including the word sudden – without more – does not defeat the statute of limitations.

The Laras' negligence, nuisance, and trespass claims are barred by the statute of limitations.

3. *Release.*

There is no dispute between the parties that the 2017 release bars all claims arising from the 2015 blown well. The problem with this case is that no effort was made by the Laras to segregate their claims. From the beginning, this case was lazily over-pleaded. It is one thing to plead in the alternative, but it is another to merely list all duties and claims imaginable in a complaint.

---

[6] *Yalamanchili v. Mousa*, 316 S.W.3d 33, 40 (Tex. App.—Houston[14th Dist.] 2010).

To the extent that the Laras' claims are related to the 2015 blown well – which it is impossible for the court to determine – they will be barred.

4.  *Minor – E.L.*

Because it is a minor, the statute of limitations is tolled as for the claims relating to E.L.[7] In Texas, claims to recover for a minor's medical expenses belong to the parents.[8]

Raquel Lara's claims for E.L.'s medical expenses are in her individual capacity and will also be barred by the statute of limitations.

5.  *Conclusion.*

Lonjino and Raquel Lara's claims against Encana Oil & Gas, Inc. – other than the claims for non-medical expenses as the next friend of E.L. – will be dismissed with prejudice as barred by the statute of limitations.

Signed on April 26, 2021, at Houston, Texas.

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　
　　　　　　　　　　　　　　　　　　　Lynn N. Hughes
　　　　　　　　　　　　　　　　　　　United States District Judge

---

[7] Tex. Civ. Prac. & Rem. Code § 16.001(b).

[8] *Sax v. Votteler*, 648 S.W.3d 661, 666 (Tex. 1983).